[No. 10,569.—In Bank.]

## PEOPLE *v.* F. J. FURTADO.

WITNESS, IMPEACHMENT OF—EVIDENCE.—A qualification of the rule governing the impeachment of a witness by proof of contradictory statements elsewhere made by him is, that the matter involved in the supposed contradiction must be relevant to the issue being tried.

ID.—CROSS EXAMINATION.—A witness for the prosecution in a case of murder may properly be asked, in his cross-examination, whether he had agreed to be present, and to aid the deceased in the expulsion of the defendant, who committed the homicide while an attempt was being made to expel him from premises claimed by the deceased.

ERROR—CRIMINAL LAW.—A defendant is presumed to have been injured by erroneous rulings, unless it clearly and affirmatively appears that he was not.

APPEAL from a judgment for conviction, and an order denying a new trial, in the Superior Court of the County of San Benito. BREEN, J.

The defendant was convicted of murder in the second degree, and moved for a new trial, which was denied, and he appeals.

*Briggs & Hawkins, L. Quint,* and *B. B. McCroskey,* for Appellant.

The *Attorney-General,* for Respondent.

SHARPSTEIN, J.:

Manuel Francisco, a witness who was called and examined on behalf of defendant, was asked, upon cross-examination by the district attorney, if, in the month of August, 1879, on the streets of Hollister, he, witness, had a conversation with one Harris. Witness answered, "Yes." The district attorney then put the following question to the witness: "Did he tell you, in the presence of McCloskey, that Mr. Payne was going to sue you for damages, for having been on his range that year?" To which the witness answered, "No, sir; he did not. He told me Payne was going to give me fits." The prosecution called Thomas McCloskey as a witness in rebuttal, who testified that he was present at a conversation between the defendant and Harris, in the streets of Hollister, in August, 1879. Witness was then asked by the district attorney this question: "Did

you hear Mr. Harris say to Manuel Francisco that Mr. Payne was going to sue him for damages for his sheep being on Payne's ranch ? " The question was " objected to by defendant, on the grounds that it is irrelevant and immaterial, and that the proper foundation has not been laid as to particulars of time and place —stating that it was heard in the town of Hollister without designating the part of town is unsufficient." The objection was overruled, and the defendant excepted. After which the witness answered that he heard such a conversation between Francisco and Harris.

" A recognized rule, or rather qualification of the rule, governing the impeachment of, the credit of a witness by proof of contradictory statements elsewhere made by him, is, that the matter involved in the supposed contradiction must not itself be merely collateral in its character, but must be relevant to the issue being tried." (*People* v. *Devine,* 44 Cal. 458.) How a statement made by Harris to Francisco—the defendant not being present—could be relevant to the issue being tried in this case, is certainly not apparent.

Two of the witnesses for the prosecution—Pogue and Hilburn—were severally asked on their cross-examination, if it was not understood that they were to meet Payne on his ranch on the morning of the homicide, and to assist him in driving the defendant and the sheep from both ranges—Payne's and Pogue's fathers'. The question was objected to as being irrelevant and immaterial, and the objection was sustained, defendant excepting.

If, by means of cross-examination, an opportunity is afforded of bringing out " the situation of a witness with respect to the parties, and to the subject of litigation, his interest, his motives, his inclinition, and prejudices " (1 Greenl. Ev. 446), it would seem that a witness for the prosecution, on his cross-examination, in a case of murder, might properly be asked, whether he had agreed to be present, and to aid the deceased in the expulsion of the defendant, who committed the homicide while an attempt was being made to expel him from premises claimed by the deceased. The defendant had a right to have that question answered, and to have the jury give it such weight as they might think it entitled to. The question whether the witness

had a right to participate in the expulsion of the defendant is quite immaterial, as the object of the question was to draw out a statement which would enable the jury to determine what relations, if any, the witnesses sustained toward the deceased and the defendant respectively.

If these rulings were erroneous, the defendant must be presumed to have been injured by them, unless it clearly and affirmatively appears that he was not. And it follows that the judgment and order denying. a new trial should be reversed. (*Leonard* v. *Kingsley*, 50 Cal. 628.)

If district attorneys entertain doubts as to the admissibility of evidence, they ought not to insist upon its introduction on behalf of the people, or to object to its introduction on behalf of defendants. The administration of justice might be greatly facilitated by an observance of this rule.

Judgment and order reversed, and cause remanded for a new trial.

MORRISON, C. J., and McKINSTRY, J., concurred.

ROSS, J., concurring:

I concur in the judgment on the ground last discussed by Mr. Justice SHARPSTEIN.