[No. 20164.  In Bank. — June 30, 1886.]

THE PEOPLE, RESPONDENT, v. GEORGE N. WEBB, APPELLANT.

CRIMINAL LAW — IMPEACHMENT OF WITNESS — CROSS-EXAMINATION — MATTERS COLLATERAL TO ISSUE. — On the trial of a criminal case, where a witness for the defendant, after he had been examined and cross-examined, is recalled by the prosecution for further cross-examination, in order to lay a foundation for his impeachment, the answers of the witness given on his further cross-examination, concerning matters collateral to the issues, are binding on the prosecution, and as to them he cannot be contradicted.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was convicted of the crime of perjury, alleged to have been committed in falsely swearing to a petition for a writ of *habeas corpus*, to the effect that he knew of his own knowledge that one Margaret Dix was unlawfully imprisoned and restrained of her liberty at the Magdalen Asylum, in the city and county of San Francisco, by the person having charge thereof, whereas, he did not know such fact, or that Margaret Dix was unlawfully or otherwise imprisoned or restrained by any one or at any place.  On the trial, after the prosecution and defense had closed their case, the court permitted the prosecution to recall one B. F. Napthaly, a witness for the defendant, for further cross-examination.  On such cross-examination, the witness, after testifying that he presented the petition for the writ to D. J. Murphy, the judge of the Superior Court who issued it, was asked by the prosecution whether at that time he stated to Judge Murphy that he would not be responsible for the writ, that he knew nothing about it, and did not like the appearance of the petitioner.  The witness denied having made such statements.  The prosecution, against the objection and exception of the defendant, then called Judge Murphy, who contradicted the witness in this re-

gard.   The further facts are stated in the opinion of the court.

*John D. Whaley,* for Appellant.

*Attorney-General Marshall,* for Respondent.

The COURT.—On the trial.of this case, after the prosecution had announced that the case was closed, the court permitted the district attorney to recall a witness for the defendant, who had been examined and cross-examined, for further cross-examination, in order to lay a foundation for impeaching him.   On the cross-examination for that purpose, the witness was asked questions, which were answered without objections.   But the subject-matter of the cross-examination was collateral, and not relative to the issues being tried, and the prosecution was bound by the answers of the witness; as to them he could not be contradicted.   It was therefore error to allow, against the objections and exceptions of the defendant, the testimony offered and given to contradict the witness.   (*People* v. *Devine,* 44 Cal. 452; *People* v. *Furtado,* 57 Cal. 345.)

Judgment and order reversed, and cause remanded for a new trial.