# CHARLESTON.

## STATE v. CHARLEY BROWN.

Submitted October 3, 1922. Decided October 10, 1922.

1. INDICTMENT AND INFORMATION—*One Indicted for Selling Intoxicating Liquors Cannot be Convicted Under Law Relating to Moonshine Stills and Moonshine Liquors.*

   One accused and indicted for an offense under sections 2 and 3 of chapter 32A of the Code, can not be convicted of an offense under section 37 of said chapter, as amended by chapter 108, Acts 1919, and chapter 115, Acts 1921, relating to moonshine stills and moonshine liquors, and the ownership and possession thereof and of the materials used in the manufacture of such liquors. (p. 711).

2. SEARCHES AND SEIZURES—*Search Warrant Substantially Describing Premises to be Searched Not Affected by Slight Variance Between Affidavit and Warrant.*

   If a search warrant describes the house or premises to be searched substantially as alleged in the affidavit or information on which it was issued, the warrant will not be affected by a slight variance in the description between affidavit and warrant. (p. 713).

3. CRIMINAL LAW—SEARCHES AND SEIZURES—*Variance in Date Laid in Warrant for Arrest and Search and Supporting Affidavit Held Not to Vitiate Warrant.*

   Where the offense charged is a continuous one and the date thereof not of the essence of the offense, the fact that a warrant for the arrest of the accused and for the search of his premises lays the date on a day subsequent to the date laid in the affidavit or complaint, will not vitiate the warrant or render it void. (p. 713).

4. ARREST—SEARCHES AND SEIZURES—*Failure to Read Search War-*
   *rant to Wife of Absent Accused Not Unreasonable Search*
   *and Seizure; Exhibition of Warrant Not Prerequisite to*
   *Right of Officer to Execute Writ Unless Statutory.*

   The fact that the officer making a search under a lawful
   warrant therefor may have declined to exhibit his authority
   to the wife of the accused, he being absent, will not render
   the search and seizure unreasonable within the provisions of
   sections 5 and 6 of Article III of the constitution. Unless
   the statute so provides an officer charged with the execution
   of a lawful warrant therefor is not obliged to exhibit the
   warrant as a prerequisite to his right to execute the writ.
   (p. 714).

5. CRIMINAL LAW—*Law Requiring Issue of Warrant Upon Statu-*
   *tory Complaint Not Void as Violative of Constitutional Re-*
   *quirement That it Issue Only on Probable Cause.*

   Section 9, chapter 32A of the Code, is not void and in con-
   travention of section 6, Article III of the constitution, because
   it requires the justice or other officer, upon complaint as pro-
   vided in the statute, to issue his warrant. If the affidavit
   required is in accordance with the statute, probable cause
   will be shown thereby, and the justice or other officer need
   not inquire further into the fact of the alleged offense.
   (p. 715).

Error to Circuit Court, Pocahontas County.

Charley Brown was convicted of a violation of the pro-
hibitory liquor law, and he brings error.

*Reversed and remanded.*

*P. T. Ward, H. S. Rucker,* and *W. B. & E. L. Maxwell,* for
plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,*
Assistant Attorney General, for the State.

MILLER, JUDGE:

The indictment, found on June 7, 1921, charged that de-
fendant, within one year next prior to the finding of the in-
dictment, ''did unlawfully manufacture (other than by
'moonshine still'), sell, offer, keep, store and expose for sale
and solicit and receive orders for liquors, and absinthe and

drink compounded with absinthe, against the peace and dignity of the State.''

Upon the trial, on defendant's plea of not guilty, he was found guilty as charged, upon which the judgment of imprisonment in the county jail for two months and for a fine of one hundred dollars and costs, now complained of, was pronounced.

It is manifest that the indictment was based on sections 2 and 3, chapter 32A of the Code; for by its averments it excludes the offenses prescribed by section 37 of said chapter, as amended by chapter 108, Acts 1919, making it unlawful for any person to own, operate, maintain or have in his possession, or any interest in any apparatus for the manufacture of intoxicating liquors, commonly known as a moonshine still, or any device of like kind or character; also making it unlawful for any person to have in his possession any quantity of moonshine liquor. The act of 1921, making it unlawful for any person to make or have in his possession, or on his premises, or on the premises of another, or elsewhere, or to have under his control, or an interest in any mixture of fermenting substances or materials, such as corn meal, or other crushed or ground cereals, fruits or roots combined with water or other liquids or substances, commonly known as "mash," or any mixture of like kind or character for the purpose of making intoxicating liquors, was not in effect at the time of the alleged offense.

Said section 3 also prescribes the form of indictment which may be used in charging the offenses named therein, and which conforms to the terms and provisions of that part of the act defining the offenses inhibited. At the time the statute was passed prescribing the offenses charged in the indictment before us, the later statute relating to the ownership of stills and the manufacture and possession of moonshine liquor had not been enacted.

The only evidence introduced by the State in support of the indictment consisted of the testimony of L. S. Cochran, town sergeant of the town of Cass, as to what he found in the house occupied by defendant as a dwelling house, on the

execution of a warrant issued by a justice for the arrest of defendant and others, which also included a warrant for the search of defendant's house at a specified location and the seizure of all liquors found therein, together with all vessels, bar fixtures, screens, glasses, bottles, jugs, and other appurtenances apparently used in the sale, keeping and storing of liquors contrary to law. The evidence consisted solely, first, of a portion of about twenty-five gallons of what the officer called mash found in a barrel behind the door in one corner of a room, covered when found with a cloth, the barrel being about half full; the portion produced was contained in a jug filled and corked up by the officer; the residue, which became decayed, was thrown out before the trial; second, a stove boiler and a pan, and the contents of the pan, which was clay; also a worm. The witness said the boiler was found in the next or middle room, where the stove was, under a table; the pan was found in the room where the barrel was located. Nothing else found was taken from the house except a couple of shot guns and a pistol. The so-called mash, according to the sergeant's evidence, consisted of cracked corn meal in water, and from its appearance and taste it contained sugar. The evidence of the sergeant was corroborated by one J. L. Warwick, who had been a town sergeant and who assisted Sergeant Cochran in making the search and the seizure of the materials and appurtenances taken from defendant's house.

There is not a particle of evidence that the mash or the liquid on it was intoxicating, nor that defendant had at any time manufactured, sold or attempted to sell intoxicating liquors; nor was any intoxicating liquor thereafter located or found at his house or on his person. So we think there was total lack of evidence to sustain a conviction under the indictment on which defendant was tried.

The case seems to have been tried as if upon an indictment under section 37, relating to moonshine stills and the manufacture of moonshine liquor. But as defendant was not indicted for any offense under that statute, whether guilty or not, he can not be convicted of an offense under it.

These facts would seem to be conclusive of the case and to render it unnecessary to respond to any of the other points of error pointed out and relied on, but for the possibility that on another trial to be had evidence may be produced not presented on the former trial sufficient to show defendant guilty of the offense of which he is accused.

On the trial defendant objected to the evidence of the officers and others who made the search and seizure of his property, and especially to the introduction in evidence of the materials and implements taken from his residence, and moved the court to exclude it upon several grounds: First, because the officers acted without warrant, or without a valid and legal warrant, in making such search and seizure, rendering the same and all acts under it unconstitutional and void: Second, that though valid and in the possession of the officers when executing the warrant, they refused to show it when demanded by defendant's wife, as authority for their action.

The first proposition advanced in support of the invalidity of the writ is, that the warrant and the affidavit of the prosecuting attorney on which it was based do not describe the same property, rendering the warrant void for that reason. The affidavit describes the property to be searched as *"that certain dwelling house occupied by Charley Brown near the store of Tony Sgattony in Cass, W. Va., on the west side of Greenbrier River,"* and that the offense had been committed on May 18, 1921, while the warrant issued on May 20, 1921, laid the offense as having been committed on that day, and described the place to be searched for the contraband goods and apparatus as *"that certain building occupied by the said Charley Brown near the store known as the Italian store in said county."* The discrepancy between the date alleged in the complaint and the date laid therefor in the warrant, and the difference in the description of the property to be searched, are the propositions on which counsel rely in support of their theory of the voidness of the warrant.

Did the difference in the date of the offense render the

warrant void? The offense laid in the warrant was two days later than the specified date named in the complaint, but the warrant was issued two days later than the complaint. In our opinion the time of the offense charged was not of the essence thereof. The offense, if any, was a continuous one. If the defendant was guilty on the 18th day of May, he was also guilty on May 20th. Our statute, section 10 of chapter 158, says of defects not invalidating indictments, that when time is not of the essence of the offense, the failure to allege the time, or stating it imperfectly, shall not invalidate or render the indictment void. The same rule should apply to warrants. The time stated in both affidavit or information bring the offense within the statute of limitations. When this is done the indictment is not defective. *Shiflett* v. *Commonwealth,* 114 Va. 876. We do not think the difference in time rendered the warrant invalid. It is only when dates are essential that they must be consistent. Wharton's Criminal Evidence, §103. The statute relating to warrants for search does not require specific dates to be named in the information, but simply that the accused is engaged in the acts prohibited.

Was there such variance in the description of the premises between affidavit and warrant as to render the warrant bad? We do not see any material variance. The evidence clearly shows that each description properly locates the property to be searched. From either description the property could be and was easily located by the officers.

But it was urged in argument that the search and seizure of defendant's property was unreasonable and void; (1) because the officer did not at the time have the warrant in his possession; and (2) because he refused on demand of defendant's wife to exhibit it. The sergeant says he had the warrant at the time he entered defendant's premises. No one disputes him on this fact. The wife only swears he refused to show her any warrant when she demanded his authority, the husband being absent at the time of the search. The evidence shows that she resisted the officer vigorously and tried to prevent the search. He was not bound to read or

show her the writ, certainly while she was resisting him. Even in the case of an arrest upon a lawful warrant, the officer is not bound to exhibit his writ of authority until he has made the arrest and secured the prisoner from the danger of flight. Then he ought, if demanded, show his authority. He is not required to exhibit his warrant to search for and seize property unless the statute, as is true in several states, requires it. 5 C. J. 392, and cases cited in notes. In Maine, in *Androscoggin Railroad Co.* v. *Richards,* 41 Me. 233, the court held that an officer acting under a warrant for the search of intoxicating liquors is justified in forcibly breaking and entering a depot of a railroad in which the liquors are stored, after the usual time for receiving and delivering goods, if the forcible breaking is necessary to the execution of the warrant.

Another point made against the legality of the warrant is, that the statute, section 9, chapter 32A of the Code, is unconstitutional because it requires the justice upon a complaint, without the necessity or duty of inquiring into the fact of probable cause, to issue his warrant, contrary to the constitution of the State, section 6, article III (Bill of Rights), providing that no warrant shall issue except upon reasonable cause supported by oath or affirmation, particularly describing the place to be searched and the person or thing to be seized. We do not think this statute properly construed was intended to relieve the justice of the duty of inquiring into the question of cause. But if the oath or affirmation is according to statute, it would necessarily show probable cause.

Having, in our judgment, sufficiently disposed of all questions likely to arise on another trial, we are of opinion to reverse the judgment, set aside the verdict, and award the defendant a new trial.

*Reversed and remanded.*