**UNITED STATES v. LAI CHEW. SAME v. WONG WING W.O. SAME v. LEE TUNG.**

(District Court, N. D. California, First Division. April 19, 1924.)

Nos. 12997, 13934, 14168.

1. **Searches and seizures ⨏⇒3—Search warrant may be issued only on oath or affirmation to facts.**

Under whatever statute a search warrant is applied for, it may be issued only "upon probable cause supported by oath or affirmation," in conformity with the requirement of the Fourth Amendment, and the person making the oath or affirmation must state the facts within his own knowledge constituting the grounds for his belief or suspicion.

2. **Searches and seizures ⨏⇒3—Affidavit held insufficient to authorize issuance of search warrant.**

An affidavit of a customs agent, that he "has reason to believe and does believe" that a fraud is being committed against the laws of the United States by the use of a building described, does not constitute a lawful basis for the issuance of a search warrant, under either Espionage Act 1917, tit. 11, § 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼e), or Tariff Act 1922, § 595 (Comp. St. Ann. Supp. 1923, § 5841h15).

Lee Tung was indicted for an offense, and he moves to quash the indictment. Motion granted.

Wong Wing Wo and Lai Chew were likewise indicted, and they move for an order quashing search warrants, for an order directing the return of all property seized by customs officers in executing these warrants, for an order declaring illegal the said seizures, and for an order quashing the indictments. Motion for return of property not passed upon, other motions granted.

Geo. A. McGowan, of San Francisco, Cal., for the motion on behalf of Lee Tung.

Geo. J. Hatfield, of San Francisco, Cal., for the motions on behalf of Wong Wing Wo and Lai Chew.

John T. Williams, U. S. Atty., and T. J. Riordan, Asst. U. S. Atty., both of San Francisco, Cal.

KERRIGAN, District Judge. In each of these cases the petitioner claims that the search warrants by virtue of which his premises were searched and certain opium obtained were defective, in that no probable cause had been shown in the affidavit used as a basis for the issuance of the warrant, and that the warrant itself contained no finding of the existence of probable cause by the United States Commissioner who issued the same. The affidavits are substantially the same in each case, so I will only quote that contained in the Wong Wing Wo Case. It is as follows:

"J. W. Smith, being first duly sworn, deposes and says that he is a duly appointed, qualified, and acting customs agent of the United States; that he has reason to believe and does believe that a fraud against the laws of the United States is being committed by the use of a certain building [describing the building]; that there is concealed on said premises and in said building a quantity of opium, which opium is contraband and unlawfully in the United States. * * * *"

And in the search warrants issued by the commissioner it is declared that:

"Proof having been made by affidavit this day by J. W. Smith, a duly appointed, qualified, and acting customs agent of the United States, that he has reason to believe and does believe that a violation of the laws of the United States is being committed by the use of a certain premises; * * * that there is concealed * * * a quantity of opium. * * *"

[1] I am of opinion that these search warrants are defective, for the reasons pointed out by the petitioners. It is uniformly held by the Supreme Court of the United States that the power, with its express limitations, conferred upon any officer of the government to issue a warrant, is found in the Fourth Amendment to the Constitution, and that any statute prescribing the method in which such warrants may be issued must be read and construed in the light of and conform in all respects to the provision of that article. Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746. The Fourth Amendment provides in part that:

"No warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

[2] In title 11 of the Espionage Act of 1917 (40 Stat. 228, Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212i, 10496¼a—10496¼v)

Congress prescribed, certain methods to be pursued in issuing search warrants, specifically providing in section 5 (section 10496¼e) that:

"The affidavits or depositions [before the commissioner or judge] must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist."

If this act is applicable to the search warrants herein issued, there can be no question but that they are defective. However, there is some question whether the procedural provisions in this title of the Espionage Act are general in nature, applying to all search warrants, or were intended to be confined to proceedings under the Espionage Act, leaving other search warrants to be governed by the common law.

In United States v Yuck Kee (D. C. Minn.) 281 Fed. 228, Judge Booth held that it was unnecessary to decide this question, as the requirements under the Espionage Act and under the common law are the same. In the course of his opinion he calls attention to United States v. Maresca (D. C.) 266 Fed. 713, wherein it is pointed out that these sections of the Espionage Act were taken bodily from the New York Code of Criminal Procedure, and that it had been held that these provisions of the New York Code were simply declaratory of the common law. United States v. Maresca, supra, citing Simpson v. Kempner, 208 N. Y. 16, 101 N. E. 794, 46 L. R. A. (N. S.) 970, Ann. Cas. 1914D, 169. And in Giles v. United States, 284 Fed. 208, 212 (C. C. A. First Circuit) there is also an intimation that these sections of the Espionage Act are a codification of the common law.

But, so far as the instant cases are concerned, it is unnecessary to decide whether the Espionage Act is applicable, or whether or not that act is a complete codification of the common law, because it is clear that at common law the affidavit upon which a search warrant is issued should state facts from which the commissioner or judge can determine whether probable cause existed. In United States v. Kelly (D. C. N. C.) 277 Fed. 485, 488, Judge Connor said:

"An examination of the text books on criminal procedure, both English and American, discloses no suggestion that, either at common law or under any statute, a search warrant may be issued upon an affidavit in which only the belief or suspicion of the affiant is given as the basis for the application. Sir Mathew Hale, after noting that Sir Edward Coke denied the power in the court to issue a search warrant, says: 'In the case of a complaint and oath of goods stolen, and that he suspects the goods are in such a house and show the cause of his suspicion, the justice may grant a warrant to search in those suspected places mentioned in his warrant.' 2 Pleas of the Crown, 113. This statement of the common law is quoted with uniform approval in every case which I have examined."

It has been suggested that authority for the issuance of search warrants, as in the present cases, is found in section 595 of the Tariff Act of 1922 (Act Sept. 21, 1922, c. 356, title 4, Comp. St. Ann. Supp. 1923, § 5841h15). This section provides in substance that, if a customs agent shall have cause to suspect the presence in any dwelling or other building of any merchandise on which the customs have not been paid, or which have been brought into the United States contrary to law, he may make application under oath to a commissioner or judge, and shall be entitled to a warrant to enter the building. It does seem as though

the language of this section permits a warrant to be issued upon the mere sworn statement of the officer that he believes that the revenue laws are being violated. But I do not think that Congress intended to so provide, and in any event, in view of the propositions above laid down, such a provision would be plainly unconstitutional, as it would not conform to the mandate of the Fourth Amendment.

If further argument is needed to support this conclusion, it is found by reference to the judicial construction which has been given section 3462 of the Revised Statutes (Comp. St. § 6364), which provides that search warrants may issue, authorizing any internal revenue officer to search designated premises, if such officer makes oath in writing that he has reason to believe, and does believe, that a fraud upon the revenue has been or is being committed upon or by the use of said premises. It will be seen that this section is substantially the same as section 595 of the Tariff Act, above quoted. Section 3462, was passed upon by the courts in Ripper v. United States, 178 Fed. 24, 101 C. C. A. 152; Woods v. United States (C. C. A.) 279 Fed. 706; United States v. Pitotto (D. C.) 267 Fed. 603. In all of these cases it was held that affidavits which merely stated that the officer believed that a fraud on the revenue laws was being committed were insufficient to justify the issuance of warrants. In the last-cited case, Judge Wolverton said:

"In a word, the requirements of section 3462 relating to the showing to be made as a basis for issuing the warrant do not meet the mandatory provisions of the Constitution. In the language of Attorney General Knox, the section 'does not state all of that which must be stated in the application' for the search warrant. 24 Op. Attys. Gen. 685, 688. In other words, the constitutional provision is paramount."

So, too, it may well be said of section 595 of the Tariff Act of 1922 that it does not state all of that which must be stated in the application for the search warrant. Or again, as the Circuit Court of Appeals for the Eighth Circuit said in Ripper v. United States, supra, in speaking of section 3462, all the requisites were not there expressed.

To briefly sum up, the Fourth Amendment is merely an affirmation of certain common-law principles (U. S. v. Three Tons of Coal [1875] 6 Biss. [U. S.] 379, Fed. Cas. No. 16,515), and one of these principles in the language of an old case (United States v. Tureaud [C. C.] 20 Fed. 621), is that the warrant should issue "only upon probable cause, supported by oath or affirmation of the person making the charge, in which should be stated *the facts within his own knowledge* constituting the grounds of such belief or suspicion."