[Crim. No. 1337.   Second Appellate District, Division One.—April 27, 1926.]

## THE PEOPLE, Respondent, v. TONY WHITHOLT, Appellant.

[1] CRIMINAL LAW—LEWD AND LASCIVIOUS CONDUCT—EVIDENCE—VERDICT—APPEAL.—In this prosecution for commission of lewd and lascivious acts as inhibited by the provisions of section 288 of the Penal Code, the victim of defendant's assault having testified positively to the commission by defendant of the acts of which he was accused in the information, and each of two police officers having given testimony which strongly tended to corroborate the testimony given by the prosecuting witness, defendant's contention that the evidence was insufficient to support the verdict could not be sustained on appeal.

[2] ID.—LEADING QUESTIONS—BELATED OBJECTION.—In such prosecution, conceding that it was erroneous for the prosecution to ask leading questions of the prosecuting witness, defendant's objection thereto came too late when it was made on appeal for the first time.

[3] ID. — IMPEACHMENT OF PROSECUTING WITNESS — TRANSCRIPT OF PRIOR TESTIMONY—ABSENCE OF VARIANCE.—In such prosecution, the appellate court could not say that defendant was harmed by the action of the trial court in sustaining the prosecution's objection to further reading by defendant's counsel from the transcript of the testimony given by the prosecuting witness at the preliminary examination of defendant, where the testimony read did not disclose any contradiction or inconsistency between it and the testimony given by the prosecuting witness at the trial and it was not suggested by defendant that if permission had been granted to read further any such variance would be discovered.

[4] ID.—CROSS-EXAMINATION—COLLATERAL STATEMENT—IMPEACHMENT. In such a prosecution, a witness cannot be impeached on a collateral statement first made by him on cross-examination.

[5] ID.—PRIOR ACTS — COLLATERAL EVIDENCE — IMPEACHMENT.—In a prosecution for commission of lewd and lascivious acts as inhibited by the provisions of section 288 of the Penal Code, evidence produced by defendant of the fact that on some occasion other than that specified in the information he had been guilty of an act similar to that of which he was accused is collateral to the question whether at the time and place set forth in the informa-

2.  See 8 Cal. Jur. 500.
4.  See 27 Cal. Jur. 107; 28 R. C. L. 613.

tion defendant had performed the acts therein specified; and the defendant is properly denied permission to impeach the prosecuting witness as to such collateral evidence where it is first brought out by defendant on cross-examination.

(1) 31 C. J., p. 994, n. 70.    (2) 17 C. J., p. 59, n. 33 New; 40 Cyc., p. 2422, n. 97.    (3) 17 C. J., p. 313, n. 46.    (4) 40 Cyc., p. 2699, n. 38.    (5) 16 C. J., p. 561, n. 78 New; 40 Cyc., p. 2699, n. 38.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dana Ong for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of the commission of lewd and lascivious acts as inhibited by the provisions of section 288 of the Penal Code.

[1] In contending that the judgment should be reversed, appellant urges that the evidence was insufficient to support the verdict. Without a recital of the details of the evidence, it will suffice to state that the transcript on appeal discloses that the victim of defendant's assault testified positively to the commission by defendant of the acts of which he was accused in the information. In addition thereto, each of two police officers gave testimony which strongly tended to corroborate the testimony given by the prosecuting witness. Appellant's contention, therefore, cannot be sustained.

[2] Prejudicial error is also suggested by appellant in that the court permitted the prosecution to ask leading questions of the prosecuting witness. But even though it might be conceded that the asking of such question was erroneous (which, as a matter of law, does not necessarily follow), it appears that no objection by defendant was made thereto at any time during the course of the trial. It is too late now for him to complain.

[3]  Appellant also specifies error in that he was unduly restricted in his cross-examination and attempted impeachment of the prosecuting witness.  The record discloses the fact that on such cross-examination, in response to questions asked by defendant's counsel, the prosecuting witness testified that on an occasion preceding that specified in the information defendant had been guilty of conduct in connection with the prosecuting witness similar to that for which he had been placed on trial.  Thereupon defendant's counsel directed the attention of the witness to the transcript of testimony given by her at the preliminary examination of defendant, and after many questions with the respective answers thereto had been read to the witness from such transcript, an objection by the prosecution to further reading therefrom was sustained by the court.  Appellant makes no claim that, so far as the testimony read to the witness was concerned, any contradiction or any inconsistency appeared between it and the statement which was under attack.  Nor was it either suggested by defendant at the trial, or is it by appellant here, that if permission had been granted to read further of the testimony given by the witness on the preliminary examination of defendant any such variance would be discovered.  From a practical standpoint, therefore, it is difficult to perceive in what manner defendant was harmed by the ruling of the court.  [4] But, viewing the situation from another aspect, it is a rule of long standing that a witness cannot be impeached on a collateral statement first made by him on cross-examination. (1 Greenleaf on Evidence, 16th ed., sec. 449; *People* v. *Chin Mook Sow,* 51 Cal. 597, 600; *People* v. *Furtado,* 57 Cal. 345; *People* v. *Webb,* 70 Cal. 120 [11 Pac. 509]; *People* v. *Dye,* 75 Cal. 108 [16 Pac. 537]; *People* v. *Smith,* 189 Cal. 31, 35 [207 Pac. 518].)  In the case of *Faulkner* v. *Rondoni,* 104 Cal. 140, 148 [37 Pac. 883], quoting from *People* v. *Devine,* 44 Cal. 458, it is said:

"A recognized rule, or rather qualification of the rule, governing the impeachment of the credit of a witness by proof of contradictory statements elsewhere made by him, is that the matter involved in the supposed contradiction must not itself be merely collateral in its character, but must be relevant to the issue being tried."

[5] In a case of the character of that here involved, assuming the admissibility on the part of the prosecution of evidence of acts of a defendant of a nature similar to that charged in the information tending to establish his proneness to commit the particular act of which he is accused, it does not necessarily follow that the same evidence would likewise be admissible on the part of the defendant. The purpose of evidence is to present some fact favorable to the cause of the party introducing the evidence, or to contradict a fact apparently established by the opposing party. If the offered evidence tends to do neither the one nor the other, it is immaterial or collateral to the inquiry. In the instant case evidence produced by defendant of the fact that on some occasion other than that specified in the information the defendant had been guilty of an act similar to that of which he was accused would in no sense be favorable to the cause of defendant; neither would it tend in any way to controvert the case made by the prosecution. Therefore, so far as the defense was concerned, evidence of such former acts by defendant was collateral to the question of whether at the time and place set forth in the information he had performed the acts therein specified. The rule, then, forbidding impeachment on collateral facts first brought out on cross-examination would apply to the situation here presented; from which it would result that no error was committed by the trial court.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.