**TOWN OF SAMSON et al. v. PERRY.**

(Circuit Court of Appeals, Fifth Circuit. February 2, 1927.)

No. 4804.

1. **Constitutional law ⬤143—Statute requiring taxation of property at 60 per cent. of value held to impair obligations of bonds issued when property was assessable at full value (Const. Ala. 1901, § 216; Code Ala. 1907, § 2152; Acts Ala. 1911, p. 185; Const. U. S. art. 1, § 10).**

Where provisions of Const. Ala. 1901, § 216, and Code Ala. 1907, § 2152, in effect when municipal bonds were issued, required property to be assessed for taxation at its fair cash value, and limited town to tax not exceeding one-half of 1 per cent. of value of property as assessed for state taxation, *held,* that Acts Ala. 1911, p. 185, providing that taxable property shall be assessed for taxation at 60 per cent. of its value, impairs obligations of bonds, in violation of Const. U. S. art. 1, § 10.

2. **Constitutional law ⬤38—Test of constitutionality is what may be done under statute, not what has been done.**

Constitutional validity of statute is to be tested, not by what has been done under it, but what under its provisions rightfully may be done.

3. **Mandamus ⬤115—Decree in bondholder's suit, requiring town to tax property, held proper, though tax assessing officers were not parties.**

Decree of federal court in bondholder's suit, requiring town to levy and collect tax on basis of full value of taxable property in accordance with statutes in effect when municipal bonds were issued, for year in which suit was brought, and subsequent years until judgment is paid, *held* not objectionable, as providing for assessment of property for taxation, though tax assessing officers were not parties to suit.

In Error to the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

17 F.(2d)—1

Suit by I. L. Perry against the Town of Samson, a municipal corporation of Alabama, and others. Decree for plaintiff (11 F.[2d] 655), and defendants bring error. Affirmed.

Wm. O. Mulkey, of Geneva, Ala., for plaintiffs in error.

O. S. Lewis, of Dothan, Ala., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This suit was brought in 1925 to secure the enforcement of a judgment recovered by the defendant in error against the plaintiff in error, the town of Samson, an Alabama municipal corporation, on bonds issued by that corporation in February, 1909. When those bonds were issued, the Alabama law required property to be assessed for taxation at the fair cash market value of such property, and under the Constitution of that state the town of Samson cannot levy a higher rate of taxation in any year on property situated therein than one-half of 1 per centum of the "value of such property as assessed for state taxation during the preceding year." Code of Alabama 1907, § 2152; Constitution of Alabama, § 216. An act of the Alabama Legislature, passed in 1911, provides that "the taxable property within this state shall be assessed, for the purpose of taxation, at 60 per cent. of its fair and reasonable cash value." Acts Ala. 1911, p. 185. The validity of this act under the Alabama Constitution was sustained. State v. Birmingham So. Ry. Co., 182 Ala. 475, 62 So. 77, Ann. Cas. 1915D, 436.

The just-mentioned case did not involve

the question of the validity or effect of the act mentioned as to a contract of a municipal corporation entered into prior to the enactment of that statute. The funds raised by the Town of Samson by levying a tax of one-half of 1 per cent. on 60 per cent. of the actual cash value of the taxable property in that town are used and needed for governmental purposes. The effect of the decree appealed from was to require the levy for the year 1925, and for each succeeding year until the judgment mentioned shall be fully paid, of a tax of one-half of 1 per cent. on the 40 per cent. of the value of property situated in the town, which, as a result of a compliance with the above-mentioned act, was not, prior to the decree, subjected to municipal taxation.

[1] The above-mentioned act of 1911 restricted the municipality's power to tax by making the subject of taxation 60 per cent. of the cash value of taxable property, instead of 100 per cent. of such value, which before was the subject of taxation. A result was to exempt from taxation 40 per cent. of what previously was taxable. As to the antecedent debts of the municipality, the act creating such exemption is invalid under section 10, article 1, of the Constitution, forbidding a state to pass any Law impairing the obligation of contracts. Bank of Minden v. Clement, 256 U. S. 126, 41 S. Ct. 408, 65 L. Ed. 857. We do not think it is material whether, after the enactment of that statute, 60 per cent. of the assessed value of property in the town of Samson actually was more or less than 100 per cent. of the value of the same property as it was assessed prior to that enactment.

[2] The constitutional validity of a statute is to be tested, not by what has been done under it, but by what, by its provisions, rightfully may be done. Montana Co. v. St. Louis Mining, etc., Co., 152 U. S. 160, 170, 14 S. Ct. 506, 38 L. Ed. 398. Prior to the enactment of the statute in question, compliance by taxing officials with statutory requirements resulted in taxable property being assessed for state taxation at its fair cash market value, and since the enactment of that statute such compliance has resulted in taxable property being assessed for purposes of taxation at not exceeding 60 per cent. of its fair and reasonable cash value.

Judicial remedies are available to enforce compliance by taxing officials with valid statutory requirements. It well may be inferred that obedience to the above-mentioned statute had the effect of making the yield of revenue from a tax at a permitted rate less than

it would have been, in the absence of such obedience. Certainly such obedience keeps the town of Samson from raising revenue it is entitled and obligated to raise for the payment of debts contracted by it prior to the enactment of that statute. It is to be inferred that assessments made for state taxation since the enactment of the statute in question do not cover more than 60 per cent. of the fair and reasonable cash value of the property assessed. The remainder of the cash value of the taxable property in the town of Samson is subject to be taxed at the permitted rate, to provide funds to pay debts contracted by that municipality before the enactment of the statute in question.

[3] The decree is not subject to objection on the ground that it provided for the assessment of property for taxation, though the tax assessing officials were not parties to the suit. No tampering with assessments made for state taxation by duly authorized officials was provided for. The levy of a municipal tax is a function of the municipal officials who were before the court. The levy in any year by such officials of a tax of one-half of 1 per cent. on the part of the value of taxable property situated in Samson which was not included in the 60 per cent. of that value assessed for state taxation during the preceding year would not affect the assessment made for state taxation.

In view of the opinion rendered by the District Judge, we think it would be superfluous to say more in support of the conclusion that the decree appealed from was not erroneous.

That decree is affirmed.