### J. P. SIRMAN, SR. v. THE STATE.

No. 15403. Delivered December 7, 1932.
Reported in 55 S. W. (2d) 92.

312

The opinion states the case.

*J. J. Collins* and *R. W. Fairchild,* both of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possessing a still for the purpose of manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Peace officers secured a search warrant purporting to authorize a search of appellant's premises for stolen goats. They went to the home of appellant, and there instituted a search. Coming to an outhouse which was situated about thirty steps from appellant's residence, they found that the door was locked. Looking through the cracks in the door, they saw a complete still and some barrels. They then placed appellant under arrest, and he was left in charge of one of the officers while the other returned to town to secure a warrant authorizing a search for intoxicating liquor. When the officer returned with this warrant, appellant was required to unlock the door to the outhouse. The officers discovered therein a quantity of whisky and a complete still and equipment for manufacturing intoxicating liquor. Appellant did not testify in his own behalf. The state relied entirely upon the testimony of the officers to establish the fact that the still and whisky was in the outhouse on appellant's premises.

The affidavit for the warrant authorizing a search for stolen goats was based upon information and belief. The facts and circumstances upon which the belief was founded were not set forth in the affidavit. Hence the search warrant was invalid. Standard v. State, 113 Texas Crim. Rep., 600, 21 S. W. (2d) 1066. Further, the affidavit is silent as to the place to be

searched; it not being shown that the stolen goats were concealed in any described place. This rendered the affidavit insufficient. Chapin v. State, 107 Texas Crim. Rep., 477, 296 S. W., 1095; Dupree v. State, 102 Texas, 455, 119 S. W., 301. The warrant issued upon this affidavit describes the premises to be searched as "the range, farm or pasture of Joe Sirman situated in said county." This description is manifestly insufficient. Smith v. State, 117 Texas Crim. Rep., 303, 36 S. W. (2d) 532. Moreover, the description of the place in the affidavit limits and controls the description in the search warrant. McTyre v. State, 113 Texas Crim. Rep., 31, 19 S. W. (2d) 49. The search warrant being invalid, the officers were without authority to enter upon appellant's premises and make a search for stolen goats.

The affidavit for a warrant to search for intoxicating liquor was also based upon information and belief. The facts and circumstancee upon which the belief was founded were not set forth in the affidavit. Hence the search warrant based upon the affidavit was invalid. Standard v. State, supra. The only description of the premises in the affidavit is as follows: "In a house in said Sirman's yard near his private residence." This description is insufficient. Smith v. State, supra.

Appellant timely and properly objected to the testimony of the officers touching the result of the search, and specified the defects in the affidavits and search warrants we have heretofore pointed out. The search was illegal. Hence, under the provisions of article 727a, C. C. P., the court committed error in admitting the testimony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.