## P. T. JOHNSON V. THE STATE.

No. 15554.   Delivered February 1, 1933.
Reported in 56 S. W. (2d) 878.

The opinion states the case.

*Huson & Huson, Whitaker & Whitaker,* and *Phil Robertson,* all of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery with firearms; the punishment, confinement in the penitentiary for fourteen years.

On the 4th day of February, 1932, two men entered the First National Bank of Woodsboro and at the point of a pistol took from George Dahse, assistant cashier, approximately $2,100. Mr. Dahse testified that he was of the opinion that appellant was one of the robbers. He said, however, that the person whom he took to be appellant had his back to him at the time the robbery was perpetrated, and that he would not say positively that appellant was one of his assailants. On February 15, 1932, officers went to the home of appellant's father and searched the room where appellant and his wife lived. In this room they found a tin box containing about $1,100 in silver and currency. Some of this money was identified by Mr. Dahse as having been taken from the bank on the occasion of the robbery. Witnesses for the state testified to have seen appellant and another man carry a box into appellant's home on the day of the robbery. Appellant's mother testified that on the day in question a stranger came to her home with appellant. She said appellant did not introduce him, and she did not know who he

was. The officers also found in appellant's room a pistol. Appellant relied upon an alibi and many witnesses gave testimony supporting the theory that appellant was not at the scene of the robbery at any time.

The affidavit for the search warrant was based on information and belief. The facts and circumstances upon which the belief was founded were not set forth in the affidavit. Hence the search warrant was invalid. Standard v. State, 113 Texas Crim. Rep., 600, 21 S. W. (2d) 1066; Sirman v. State, 55 S. W. (2d) 92. There is nohing in the record to bring into operation article 325, C. C. P. The search was made approximately ten days after the robbery had been committed. See Davis v. State, 113 Texas Crim. Rep., 421, 21 S. W. (2d) 509. Appellant timely and properly objected to the testimony of the officers touching the result of the search. The search was illegal. Hence, under the provisions of article 727a, C. C. P., the court committed error in admitting the testimony. Sirman v. State, supra; Davis v. State, supra.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.