## ALLEN v. LINDBECK, Justice of the Peace, et al.

No. 6098. Decided September 20, 1939. (93 P. 2d 920.)

472

*A. U. Miner*, of Salt Lake City, for plaintiff.

*Joseph Chez*, Atty. Gen., and *Paul Thatcher*, of Ogden, for defendants.

McDONOUGH, Justice.

This case is heard upon demurrer to an application for a writ of prohibition against the defendant Lindbeck to prevent his proceeding to determine ownership of milk bottles, bearing trade marks, seized pursuant to Section 95-2-10, R. S. U. 1933. The bottles were seized from plaintiff's milk truck under a search warrant issued by defendant Lindbeck directing seizure of such bottles, which warrant was issued on the basis of the affidavit of a deputy of the Department of Agriculture of the State of Utah.

Plaintiff attacks the jurisdiction of the justice's court, basing the attack on the unconstitutionality of the statute under which the proceedings in the justice's court were had.

The primary contention of the plaintiff is that Section 95-2-10 is in conflict with Article I, Sec. 14 of the Constitution of Utah, which reads as follows:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, particularly describing the place to be searched, and the person or thing to be seized."

The section alleged to conflict with this provision, so far as here pertinent, is as follows:

"Whenever any person shall make affidavit before a court of competent jurisdiction that he has reason to believe and does believe that any receptacle * * * is in the possession of any person engaged in any business specified herein * * * such court shall issue a search warrant for such property * * *."

We are thus called on to determine whether the statute meets the requirements of the Constitution as to issuance of a search warrant. The Constitution says "no warrant shall

issue but upon probable cause supported by oath or affirmation" while the statute requires issuance of the warrant when the affiant deposes "that he has reason to believe and does believe" that the articles are wrongfully held or used. Is "probable cause" satisfied by an oath that one "has reason to believe and does believe"?

Plaintiff cites some dozen cases in support of the view that the statute, in requiring only an affidavit on information and belief does not meet the constitutional requirement that probable cause be shown. The defendant says, as to these cases, "The plaintiff has cited what are, so far as we know, all of the cases holding against the validity of such a statute," and then attempts to distinguish all of those cases except two, after admitting that "there is a conflict in the authorities on this question." So far as we have been able to learn the decided weight of authority is with plaintiff, and indicates that the statute authorizes a search in violation of a constitutional right.

A series of annotations, citing many cases, supports the statement found in 41 A. L. R. 1539, that,

"It is the general rule that probable cause is not shown by an affidavit on information and belief, which does not state the facts showing the grounds of the belief." 3 A. L. R. 1517; 13 A. L. R. 1318; 27 A. L. R. 742; 39 A. L. R. 835; 74 A. L. R. 1490. See also a note in 1 Ann. Cas. 653, annotating *State ex rel. Register* v. *McGahey*, 12 N. D. 535, 97 N. W. 865, 1 Ann. Cas. 650.

The general rule and the weight of authority are said to be the same way in Cornelius on Search and Seizure, § 85; 24 R. C. L. 708; and 56 C. J. 1216.

In *State* v. *Arregui*, 44 Idaho 43, 254 P. 788, 794, 52 A. L. R. 463, 473, the Idaho court thus summarized its examination of numerous authorities:

"Under the great weight of authority of both state and federal courts, a search warrant issued upon 'information and belief,' unsupported by facts submitted to the magistrate, and based upon the conclusions of the affiant rather than the facts, is illegal, and a

search conducted thereunder is unlawful and in violation of the constitutional provisions with relation to searches and seizures."

A similar statement is found in *State* v. *Peterson*, 27 Wyo. 185, 186, 194 P. 342, 345, 13 A. L. R. 1284:

"In a great majority of the states, as well as the courts of the United States, it has been held that an affidavit on mere belief does not fulfill the requirements of the Constitution in this regard, although there are a few decisions which hold otherwise. It is generally held that an affidavit is not sufficient if it is made on information and belief, and is not corroborated or supported in any way."

See also *Mattingly* v. *Commonwealth*, 197 Ky. 583, 247 S. W. 938, and the comment on cases following the minority view.

A few of the additional cases holding, under a Constitution like ours, that an affidavit of belief and reason to believe, without the necessary facts to support a finding of probable cause, is insufficient to support a search warrant, are: *Nathanson* v. *United States*, 290 U. S. 41, 54 S. Ct. 11, 78 L. Ed. 159; *Grau* v. *United States*, 287 U. S. 124, 53 S. Ct. 38, 77 L. Ed. 212; *Byars* v. *United States*, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520; *United States* v. *Williams*, D. C. Pa., 43 F. 2d 184; *United States* v. *Lai Chew*, D. C. Cal. 298 F. 652; *United States* v. *Tureaud*, C. C. La., 20 F. 621; *Burtch* v. *Zeuch*, 200 Iowa 49, 54, 202 N. W. 542, 39 A. L. R. 1349; *People* v. *Effelberg*, 220 Mich. 528, 190 N. W. 727; *Elliott* v. *State*, 148 Tenn. 414, 256 S. W. 431; *Goode* v. *Commonwealth*, 199 Ky. 755, 252 S. W. 105; *Smoot* v. *State*, 160 Ga. 744, 128 S. E. 909, 41 A. L. R. 1533, 1539; Cooley's Constitutional Limitations, 8th Ed., 619.

Since our Constitution requires a showing of probable cause to support a search warrant, and Section 95-2-10 requires merely an affidavit on information and belief, we hold, in line with the overwhelming weight of authority in the federal and state courts, that such an affidavit does not meet the constitutional requirements and the statute is therefore invalid. Invalidating this section

will not upset our practice in such matters since other statutory provisions comport with the constitutional provision. For example, the search warrant provision in the criminal code, Sec. 105-54-3 and that in the Fish and Game title relating to seizure of firearms (Sec. 30-0-58) require that "probable cause supported by oath or affirmation" be furnished. Other sections provide that "cause" or "reasonable cause" shall be furnished. R. S. U. 1933, 103-5-5, 14-7-22, and 3-10-33. These can and should be read, in view of our constitutional requirement of probable cause, as requiring probable cause which, after all, is that which a reasonable person regards as cause. As defined by Cornelius on Search and Seizure in Section 83:

"* * * probable cause is defined by the courts and legal writers to be such an apparent state of facts that a discreet and prudent man would be led to the belief that the accused, at the time of the application for the warrant, was in possession of property. * * *"

Thus reasonable cause and probable cause might be contended to mean the same thing. However, the test of the statute here in question is merely that the affiant "has reason to believe and does believe," without requiring him to furnish any evidence or cause which might be interpreted as designed to comply with the constitutional provision.

Defendant relies on the following cases as establishing his position: *United States* v. *Eldredge,* 5 Utah 161, 13 P. 673; *Lowrey* v. *Gridley,* 30 Conn. 450; *Rose* v. *State,* 171 Ind. 662, 87 N. E. 103, 17 Ann. Cas. 228; *Winters* v. *State,* 142 Miss. 71, 107 So. 281; *Loeb* v. *State,* 133 Miss. 883, 98 So. 449; *Rosanski* v. *State,* 106 Ohio St. 442, 140 N. E. 370, 28 A. L. R. 759; *State* v. *Kees,* 92 W. Va. 277, 114 S. E. 617, 27 A. L. R. 681; *State* v. *Brown,* 91 W. Va. 709, 114 S. E. 372; *State* v. *Noble,* 96 W. Va. 432, 123 S. E. 237; *State* v. *Mallett,* 123 Me. 220, 122 A. 570; *Dupree* v. *State,* 102 Tex. 455, 119 S. W. 301.

*United States* v. *Eldredge,* supra, is not in point. That case involved probable cause as it must be established at

preliminary examination before a committing magistrate. The court held that the complaint need not establish probable cause since an examination is had and evidence introduced. If the evidence establishes probable cause that is sufficient. So here, if the court were required to hold a hearing and hear testimony, it could validly find probable cause and issue the search warrant even though the affidavit alone would not be sufficient. See *Burtch* v. *Zeuch,* supra, 200 Iowa at page 54, 202 N. W. 542, 39 A. L. R. 1349; 56 C. J. 1216. But Section 95-2-10 provides for no hearing and contemplates none. Chapter 54 of Title 105, R. S. U. 1933, provides for such a hearing at which probable cause is to be proved by the complainant.

*Rose* v. *State,* supra, is no longer followed in Indiana. *Wallace* v. *State,* 199 Ind. 317, 157 N. E. 657, definitely establishes that an affidavit on information and belief is not sufficient and the Rose case is disapproved so far as it might be found inconsistent.

According to *Elardo* v. *State,* 164 Miss. 628, 145 So. 615, an affidavit on information and belief is not sufficient, but the warrant can issue only where the affiant states facts as being within his knowledge. And yet the Loeb case was approved in *Nash* v. *State,* 171 Miss. 279, 157 So. 365, where *Nathanson* v. *United States,* supra, was held not controlling. Mississippi, therefore, still must hold that an affidavit on information and belief is sufficient. See also *Jones* v. *State,* 180 Miss. 210, 177 So. 35.

*Nicholas* v. *City of Cleveland,* 125 Ohio St. 474, 182 N. E. 26, definitely aligns Ohio with the majority view, which it recognizes, although the court was there construing an amendment to the statute made in 1929 and subsequent to *Rosanski* v. *State,* supra, which defendant relies on.

Defendant cites *Dupree* v. *State,* supra as reserving this constitutional question and then indicating its views thereon. It is held in *Sirman* v. *State,* 122 Tex. Cr. R. 311, 55 S. W. 2d 92, and *Trimmer* v. *State,* 135 Tex. Cr. R. 372, 120 S. W. 2d 265, that an affidavit on information and be-

lief is not sufficient to support a search warrant, but the affidavit must also state the facts on which the belief is based. This rule is in accord with the majority view since it permits the issuing magistrate to weigh the facts and does not compel issuance on mere averment of belief.

This examination of defendant's cases indicates that his position does have support in the authorities but that there is a tendency in jurisdictions following the minority rule to change views and adhere to the general rule. This is strong evidence of the soundness of the view which the majority of states have established.

It might be argued that even though the statute here pursued is invalid the plaintiff cannot take advantage of that invalidity since the affidavit on which this warrant was issued stated facts from which the court might well have found that probable cause existed. But the argument is not sound. Plaintiff's right is not measured by ■ what was done under the statute, but by what the statute requires and which might therefore be done. *Town of Samson* v. *Perry*, 5 Cir., 17 F. 2d 1; *Moore* v. *Otis*, 8 Cir., 275 F. 747; *Stuart* v. *Palmer*, 74 N. Y. 183, 188, 30 Am. Rep. 289; *In re Richardson*, 247 N. Y. 401, 160 N. E. 655, 661; *People ex rel. Alpha Portland Cement Co.* v. *Knapp*, 230 N. Y. 48, 129 N. E. 202, 204; *Fifth Avenue Coach Co.* v. *New York*, 194 N. Y. 19, 29, 31, 86 N. E. 824, 21 L. R. A., N. S., 744, 16 Ann. Cas. 695; *Bell* v. *State Industrial Accident Comm*, 157 Or. 653, 74 P. 2d 55, 59; *Replogle* v. *City of Little Rock*, 166 Ark. 617, 267 S. W. 353, 36 A. L. R. 1333; *Abbott* v. *McNutt*, 218 Cal. 225, 22 P. 2d 510, 89 A. L. R. 1109; *State ex rel. Brooks* v. *Cook*, 84 Mont. 478, 276 P. 958; *Boise-Payette Lumber Co.* v. *Challis Independent School Dist. No. 1*, 46 Idaho 403, 268 P. 26; *Ward* v. *Leche*, 189 La. 113, 179 So. 52; *People* v. *Marquis*, 291 Ill. 121, 125 N. E. 757, 8 A. L. R. 874; *Meade* v. *Dane County*, 155 Wis. 632, 145 N. W. 239, 242.

And for an additional and equally serious reason must Section 95-2-10 be held invalid. It does not require that

the magistrate shall find probable cause or any cause, but that if the affiant "has reason to believe and does believe" the court "shall issue a search warrant." Reading "shall" as "may," as suggested by the defendant does not meet this objection, since it still would not require the court to determine and be convinced of probable cause. The determination of the existence of probable cause is a judicial function which cannot validly be delegated to affiants. The magistrate or the court, and not the affiant, must be convinced that there is probable cause. *Wallace* v. *State*, supra; *Gallimore* v. *State*, 173 Tenn. 178, 116 S. W. 2d 1001; *Jackson* v. *State*, 153 Tenn. 431, 284 S. W. 356; *Davis* v. *State*, 113 Fla. 713, 152 So. 6; *Burtch* v. *Zeuch*, supra; *Lippmann* v. *People*, 175 Ill. 101, 51 N. E. 872; *State* v. *Peterson*, supra; *Smoot* v. *State*, supra; *Goode* v. *Commonwealth*, supra; Cornelius, op cit. pp. 20, 249; Cooley, op. cit. p. 619; 56 C. J. 1222.

In *Wallace* v. *State*, supra, the Indiana statute provided, as does ours, that the court shall issue a search warrant upon the filing of an affidavit that the affiant "has reason to believe, and does believe," etc. As to whether this was an attempt unlawfully to transfer a judicial function to the affiant the majority of the court said, 199 Ind. 317, 157 N. E. at pages 660, 661:

"If it was intended by this statute to declare that an allegation in the affidavit, such as therein prescribed, shall be sufficient to show probable cause, and that an affidavit embodying such allegation alone is proof sufficient to warrant the magistrate to determine the question of probable cause, then in our opinion the Legislature, in that respect, exceeded its power, although it may make a certain act or series of acts prima facie evidence of a fact, yet it is not within its province to say to any judicial officer that, when he has heard proof of certain facts the evidence thus adduced before him shall constitute conclusive proof of the fact in issue in the trial of the cause before him.

\* \* \* \* \*

"If this be the determining factor, then the magistrate who shall issue the warrant performs such act ministerially, not judicially. \* \* \*

"The whole case upon which a search warrant issues must be made by him who prays for such writ. The judicial officer before whom an application for a search warrant is filed must exercise his judicial power to determine whether or not a warrant shall issue; such judicial function can be moved only by the facts brought before him, which are under oath or affirmation. A warrant to search and seize, which follows upon a statement based solely upon the belief of the affiant, rests upon the reasoning of the affiant, based upon the secret facts of which he may have knowledge, and the conclusion which results from such reasoning is affiant's not that of the judicial officer. The judicial process to ascertain probable cause is then transferred from the judicial officer to the affiant. The Constitution permits no such thing."

Under the evident meaning of Section 95-2-10 there is expressed a legislative intent to transfer to affiant the duty of determining what constitutes "reason" for believing a person to have unlawful possession of property, and leaves to the court no function but to issue the writ. The determination of probable cause must be made by the court, not the affiant, and the section thereof must fall on this ground also.

Plaintiff questions constitutionality of the statute on the further grounds that a criminal process is used to give a civil remedy; that no provision is made for filing a complaint to inform the one in possession of the charges against him; and that the entire chapter amounts to special legislation. Other questions posed by plaintiff are subsidiary to these and the one above considered. It is unnecessary to the disposition of this case that such questions, however intriguing, be explored. They cannot arise in connection with a seizure of milk bottles under Section 95-2-10 since such seizure is illegal for the reasons stated hereinabove.

It remains to determine whether prohibition is available or whether plaintiff must come to this court by appeal. The rule usually applied is that even though an inferior court or tribunal is threatening to act without or in excess of jurisdiction prohibition is not available unless it be also shown that there is no "plain, speedy and adequate remedy

in the ordinary course of law." Section 104-69-1, 104-69-2, R. S. U. 1933; *Construction Securities Co.* v. *District Court,* 85 Utah 346, 39 P. 2d 707; *Barnes* v. *Lehi City,* 74 Utah 321, 335, 279 P. 878; *Olson* v. *District Court,* 93 Utah 145, 71 P. 2d 529, 112 A. L. R. 438. But these cases establish that under our statutes this court may, in the exercise of a sound judicial discretion, grant the writ even where there is an adequate remedy in the ordinary cause of law. Defendant concedes "that if the lower court is without jurisdiction, prohibition is a proper remedy." In *People* v. *Spiers,* 4 Utah 385, 10 P. 609, 11 P. 509, we held that remedy by appeal from a justice's court threatening to proceed without jurisdiction in a criminal case was not an adequate remedy. The fact that here the procedure is in the nature of a criminal proceeding makes the case persuasive, if not controlling. We recently held also that requiring one able to do so to pay under protest a sum of money and then sue for its recovery was not an adequate remedy at law in so far as mandamus was concerned. *Home Owners' Loan Corporation* v. *Logan City,* 97 Utah 235, 92 P. 2d 346. Here the plaintiff has been required under an invalid statute either to lose the use of the seized bottles or put up a protecting bond; there is an element of disrepute in such a case by reason of the quasi-criminal remedy which would be fostered by further litigation; and the defendant apparently concedes that prohibition is a proper remedy.

Let the alternative writ of prohibition be made permanent and the defendants ordered to make restitution of the seized bottles to plaintiff. Costs to the plaintiff.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.