364 P.2d 828

STATE of Utah, Plaintiff and Respondent,

v.

John Benjamin ROMERO, Defendant
and Appellant.

No. 9476.

Supreme Court of Utah.

Sept. 12, 1961.

Hansen & Miller, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from an automobile homicide [1] conviction. Affirmed.

Defendant originally was charged with negligent homicide.[2] After a preliminary hearing, the charge was dismissed and defendant was charged, tried, and convicted of the more serious offense of automobile homicide.

Defendant urges that 1) he was twice in jeopardy by being tried after the dismissal of the lesser charge (which he wasn't); [3] 2) that dismissal of the lesser misdemeanor barred any prosecution under the greater felony charge, which contention we reject, interpreting Title 77–51–6, U.C.A. as meaning just the opposite; [4] 3) that the State failed to prove a corpus delicti (which it did not fail to do); [5] 4) that the court erred in instructing that 0.15 alcohol-blood content raised a presumption one would be under the influence,[6] which contention gives us the greatest concern in this case, but we meet the contention, without necessity to discuss presumptions, with the fact that there was competent, substantial, expert testimony that defendant's alcohol-blood content was not only 0.15, but was 0.224, which would impair motor and sensory reactions to a great extent. Whether the instruction were given or not seems to be an innocuous circumstance and not prejudicial; 5) that the State did not prove defendant was under the influence (which it did to the satisfaction of the jury); [7] 6) that the defendant was compelled to give evidence against himself (which he wasn't); [8] and 7) that

1. Title 76–30–7.4, Utah Code Annotated 1953 (Laws of Utah 1957, chap 165, sec. 1, 1961, Pocket Supplement, p. 40), providing for a felony with a 1–10 year penalty, having to do with a homicide while driving, drunk or drugged, which see.
2. Title 41–6–43.10, U.C.A.1953, having to do with causing death by driving in reckless disregard for safety of others, a misdemeanor calling for a fine or imprisonment up to a year, or both, which see.
3. One is not in jeopardy unless put on trial. State v. Thompson, 1921, 58 Utah 291, 199 P. 161, 38 A.L.R. 697; State v. Dean, 1927, 69 Utah 268, 254 P. 142.
4. Providing that dismissal shall be a bar "to any other prosecution for the same offense, if it is a misdemeanor; but shall not be a bar, if the offense is a felony."
5. It was undisputed that defendant, driving on the wrong side of the street collided head-on with the car in which decedent rode; that a woman in the car who proved to be the deceased was observed to be bleeding, was taken to a hospital and pronounced dead on arrival.
6. Title 41–6–44, U.C.A.1953, providing for presumptions and penalties for injuries caused while driving under the influence.
7. By his own admission defendant had been drinking all day. He was refused service at the last tavern he attended, was told by his brother to go home and "sleep it off," operated his car without lights, weaved all over the highway, crashed head-on into the death car on the wrong side of the road and had an alcohol count of 0.224.
8. A peace officer at the scene said defendant was conscious (defendant claimed he remembered nothing after the collision), and carried on an intelligent conversation with him, in which the latter consented to a blood test, as he did with a doctor, the blood test being received in evidence without objection.

**212**

a) an improper question was received from a juror (which was quite unimportant) [9] and b) that the prosecutors committed "forensic misconduct" (which they didn't).[10]

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, Justice (concurring).

I concur as to all points dealt with in the main opinion except the manner in which No. 4 is treated. As to it: in view of section 41–6–44(b), subd. 3 and the testimony relating to the effect such a concentration of alcohol in the blood has, it is my opinion that it was not error for the court to instruct as it did. And I think it should be observed that although that statute was enacted to apply specifically to the offense of driving while under the influence of intoxicating liquor, it is also applicable in the instant case because the homicide resulted from the commission of that offense and proof of that crime was essential to proving the crime of automobile homicide.

9. A juror simply asked the court to clarify in his mind the matter of whether the headlights were on at the time of collision, which seems to be something in the category of harmless petit prejudice.

10. No recitation of what forensics were indulged is found in defendant's brief, nor is any reference made to any place in the record reflecting any repulsive rhetoric. Nor does the record show any formal exception taken to any obnoxious oratory.