395 P.2d 535

**STATE of Utah, Plaintiff and Respondent,**

v.

**Cloyd Reed ALLRED, Defendant and Appellant.**

No. 10068.

Supreme Court of Utah.

Sept. 29, 1964.

A. W. Sandack, Salt Lake City (Appointed by the court), for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

WADE, Justice.

Appellant, Cloyd Reed Allred, was found guilty by a jury of the crimes of burglary

in the second degree and grand larceny. The trial court on its own motion dismissed the verdict on the burglary count. This appeal is from the grand larceny conviction.

At about 3:00 a. m., on September 5, 1963, two unidentified men were observed leaving Kim's Market in Copperton, Utah. Police were called, and the front door of the market was discovered to have been forcibly opened. An examination by the owner disclosed that a number of cartons of cigarettes, a type of safety boots carried only by Kim's Market for sale to employees of a certain mining company, some coveralls not carried for sale in retail stores, a gun, a radio, a check protector and checkbook were missing. The total value of all these articles exceeded $50.

The officer investigating the crimes had been given information implicating appellant in these crimes, and on September 6, 1963, he saw appellant driving a car in Salt Lake City. He followed appellant, intending to question him. Appellant observed the police car following him, turned into a driveway, parked his car and ran away. Upon reaching the car which appellant had left so precipitately, the officer testified he observed in plain view on the front seat, a pair of safety boots and coveralls of the kind taken in the burglary of Kim's Market the previous day and thereupon took them. Appellant claims these articles were in the trunk of his car and not in plain view. On that same day the officer had been in the apartment from which appellant had moved on the 5th of September. He was in the apartment at the invitation of one of appellant's former roommates. The next day, September 7, the officer obtained a search warrant, returned to the apartment and found and took a gun concealed beneath a chair. The gun was identified as the one stolen from Kim's Market on the night of the burglary.

At the trial the State introduced in evidence, the shoes, coveralls, gun, and a check made out on one of the blanks from the stolen checkbook. Appellant was identified as the man who had attempted to cash the check written on this stolen blank.

Larceny as defined in Sec. 76–38–1, U.C. A.1953, is " * * * the felonious stealing, taking, carrying, leading or driving away of the personal property of another. Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt."

Appellant contends that because the court on its own motion dismissed the burglary conviction, and the court having also failed to give an instruction to the jury on the presumption of guilt to be indulged from the possession of recently stolen personal property by a person who fails to make a satisfactory explanation, there was insufficient evidence to support the grand

larceny conviction. It should be noted that the record does not disclose the reason for the court's dismissal of the burglary con-viction, and that no request was made for an instruction on the effect of failing to make a satisfactory explanation of recently stolen property.

■ It appears to be the appellant's con-tention that the evidence was insufficient to sustain the burglary conviction and therefore this same evidence is insufficient to sustain the conviction of grand larceny. In support of this contention he cites State v. Merritt.[1] In that case this court said that the presumption of guilt from the pos-session of recently stolen personal property by a person who fails to give a satisfactory explanation of such possession does not ap-ply where the evidence is clear that other persons actually stole such property. Un-der the facts disclosed by the evidence in the instant case, it is not at all clear that appellant did not actually steal the proper-ty. The fact that the court for an undis-closed reason dismissed the burglary con-viction does not prove that appellant did not steal the property involved. The court instructed the jury that before it could find appellant guilty of the crime of grand lar-ceny the State must have proved beyond a reasonable doubt that appellant had stolen the personal property from its owner, and that its value was in excess of $50 in cash.

■■ The evidence was conclusive that personal property of a value in excess of $50 in cash was stolen from the owner of Kim's Market. A reliable informant had given the officer information implicating appellant in the theft. The officer was searching for appellant when he saw him driving a car, and when the officer attempt-ed to overtake appellant to question him, appellant avoided the officer, turned into the first available driveway, stopped the car, and ran away, leaving behind some articles which had been stolen from Kim's Market. After appellant was arrested, he told the officer he bought the shoes and coveralls in a retail store. He later changed his story and said he acquired them from some "guy" he knew. He at-tempted while incarcerated to send out a note to some friends in which he request-ed them to obtain receipts from some store showing he purchased the articles he was accused of stealing and to establish an alibi for the burglary by testifying for him that he was in his apartment sick at the time the burglary took place. From this evi-dence, a jury was justified in finding be-yond a reasonable doubt that appellant was guilty of grand larceny. As stated by this court in State v. Gillespie,[2] " * * * Under our statute the essential elements to be established by the state in prosecutions for larceny need be only property recently

1. State v. Merritt, 67 Utah 325, 427 P. 497.

2. State v. Gillespie, 117 Utah 114, on page 119, 213 P.2d 353, on page 355.

stolen, possession by the defendant, and an unsatisfactory explanation of the possession. * * * " All these elements are present in the instant case.

Appellant further contends that the court erred in denying his motion to suppress the admission in evidence of the boots, coveralls and gun because they were obtained pursuant to an illegal search and seizure in violation of the Fourth Amendment of the United States Constitution and therefore were inadmissible in evidence.[3]

Whether a search and seizure is reasonable is for the trial court to determine in the first instance.[4] In the instant case, the court was justified in believing the officer that the stolen shoes and coveralls were in plain sight on the front seat of the car when appellant left it so hurriedly, even though appellant testified that he had left them in the trunk of the car. No search was necessary for the officer to find these articles, they being fully disclosed to his view when he approached the car. Under such circumstances, where no search is required the constitutional guaranty is not applicable.[5] As to the gun, it was not found or taken until the officer had obtained a search warrant. Under such a state of facts, the court did not err in refusing to suppress the introduction in evidence of the articles so taken.

Appellant also cites as prejudicially erroneous the giving of certain instructions. We have carefully considered these contentions but find no merit to them.

Affirmed.

HENRIOD, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.

---

3. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

4. Mapp v. Ohio, footnote 3, supra; State v. Louden, 15 Utah 2d 64, 387 P.2d 240.

5. 47 Am.Jur. Searches and Seizures, Sec. 20, p. 516.