439 P.2d 844

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Agoberto Garcia JASSO, Defendant and Appellant.**

**No. 11004.**

Supreme Court of Utah.

April 11, 1968.

Dale E. Stratford, Ronald O. Hyde, Ogden, for appellant.

Phil L. Hansen, Atty. Gen., Mary J. Colbath, Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice:

The defendant was convicted of possession of marijuana and appeals from that conviction. During the course of the trial the defendant moved to suppress evidence of certain marijuana taken from the home of defendant pursuant to a search warrant issued by a magistrate. The court denied the motion to suppress and the defendant is here claiming that the ruling of the court was erroneous and prejudicial.

Prior to the charge being made against the defendant, an officer of the Ogden City Police Department applied to one of the judges of the City Court of Ogden for the issuance of a search warrant. The application for the warrant was made to the judge at his residence late at night. The judge was of the opinion that the affidavit supplied by the officer stated insufficient grounds for the issuance of a warrant. The State does not contend that the affidavit was sufficient and it is quite obvious that it was not. The judge then swore the officer as a witness and questioned him as to other grounds for the issuance of the warrant. Based upon the officer's oral deposition, supplementing his written affidavit, the judge issued a search warrant. During the trial and after the defendant had moved to suppress the evidence taken pursuant to the warrant the court permitted the prosecution to file an amended affidavit which set forth the facts related by the officer in his oral deposition. We are now asked to determine whether a search warrant may be issued upon the oral deposition of the applicant.

The Fourth Amendment of the Constitution of the United States and Article I, Section 14 of the Utah State Constitution are identical. The section of the Utah Constitution is as follows:

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable

cause supported by oath or affirmation, particularly describing the place to be searched, and the person or thing to be seized.

The statutes implementing the constitutional provision are found in Title 77, Chapter 54, U.C.A. 1953, Section 77–54–4 U.C.A. 1953 provides as follows:

*Examination of complainant and witnesses.*—The magistrate must, before issuing the warrant, examine on oath the complainant, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them.

It seems to us that the language of the statute is clear and cannot be construed as meaning that a warrant may issue from an oral deposition of the complainant or other witnesses.

We are of the opinion that the warrant not having been issued pursuant to the statute was invalid. The marijuana taken during the search of the defendant's home pursuant to the warrant was unlawful. The marijuana seized at the defendant's home and the evidence respecting the same should have been suppressed.[1]

The defendant's conviction is reversed and the case is remanded to the District Court for a new trial.

CALLISTER and HENRIOD, JJ., concur.

ELLETT, Justice (dissenting).

I dissent. There is but one question involved herein: Should the marijuana seized pursuant to a search warrant issued upon sworn testimony, partly oral, have been suppressed? Let it be noticed that the defendant does not claim to be innocent of the charge. He simply says that his *constitutional rights* were violated when evidence was secured by means of a search warrant issued without having all of the testimony reduced to writing and signed by the deponent before the warrant was issued.

The Utah Constitution is identical in its provisions to the Fourth Amendment of the United States Constitution. Therefore, we need only to consider whether his rights under the Utah Constitution have been infringed, for his rights under the Fourth Amendment would be identical thereto.

Article I, Sec. 14, of the Utah Constitution provides as follows:

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, particularly describing the place to be searched, and the person or thing to be seized.

1. Mapp v. Ohio, 367 U.S. 613, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 81 A.L.R.2d 933.

The statutes implementing the constitutional provision are found in Title 77, Chapter 54, U.C.A. 1953, and are as follows:

77–54–3. Conditions precedent.—A search warrant shall not issue except upon probable cause supported by oath or affirmation, particularly describing the place to be searched and the person or thing to be seized.

77–54–4. Examination of complainant and witnesses.—The magistrate must, before issuing the warrant, examine on oath the complainant, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them.

77–54–5. Depositions, what to contain.—The depositions must set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist.

77–54–6. When to issue.—If the magistrate is thereupon satisfied of the existence of the grounds of the application, or that there is probable cause to believe their existence, he must issue a search warrant, signed by him with his official title, to a peace officer in his county, commanding him forthwith to search the person or place named for the property specified and to bring it before the magistrate.

The basis of the defendant's claim is that there were not sufficient facts stated in the officer's affidavit to justify the magistrate in issuing the search warrant. The State admits this to be true but claims the entire picture is not revealed by the contents of the original affidavit.

When the officer came to the magistrate to secure the warrant, he came like Nicodemus of old, in the nighttime, when the magistrate was without stenographic help. The officer had already prepared and brought with him his own affidavit, which was admittedly insufficient under the prior holdings of this court to justify the issuance of a warrant. See Allen v. Lindbeck, 97 Utah 471, 93 P.2d 920; Allen v. Holbrook, 103 Utah 319, 135 P.2d 242. The magistrate was aware of the problem which confronted him, and so he swore the officer and took his oral deposition, wherein it was made manifest that there was probable cause to believe that the defendant was in possession of marijuana. (Possession of marijuana is a felony under our statute. See Secs. 58–13a–2 and 58–13a–44, U.C.A. 1953.)

Pursuant to a search warrant, the officer searched the residence of defendant and found a great quantity of marijuana. The defendant moved to suppress the evidence so seized.

At the hearing on the motion to suppress, the trial judge, on learning that an oral deposition had been taken, continued the hearing one week to allow the State to

file an amended written affidavit. The technical deficiency was thus attempted to be cured, and the court believing that it had been cured denied the motion to suppress.

If there is to be a delay in transcribing the testimony before a warrant may issue, the defendant may evade the search merely because of lapse of time. To avoid this possibility, the tendency would be to try to hurry the magistrate, so that a hearing on the matter of probable cause might not be as full and complete as it should be. We are unable to see how the defendant is harmed by the delay in signing the affidavit so long as no question is raised as to the actual facts testified to by the officer. The punishment for perjury is just as effective in causing a witness to testify truly where he testifies orally as where he does so in writing.

The majority holding in this case is an unnecessary fall from the grace of better days. In the case of State v. Aime, 62 Utah 476, 220 P. 704, 32 A.L.R. 375, the sheriff searched the defendant's premises pursuant to a search warrant in due form but which was issued upon an affidavit which the affiant neglected to sign. A motion to suppress the evidence obtained by the search was made by the defendant and denied by the trial court. The defendant appealed from a conviction based partly upon the seized evidence. This court at page 478 of the Utah Reports, at page 705 of 220 P. said:

The general rule that the admissibility of evidence is not affected by the illegality of the means through which it had been obtained, is of long standing and general application. 1 Greenleaf on Ev. § 254a; 5 Jones on Ev. § 884; 2 Wharton, Crim.Ev. § 518g; 4 Wigmore on Ev. (2d Ed.) § 2183. The cases in which this rule has been approved and applied are too numerous to be cited here. It is enough to say it has had the sanction of practically all American courts, both state and federal. A list of the cases is published in 24 A.L.R. 1411. * * *

The means by which evidence is brought before the court has nothing to do with its probative value. Evidence which is conclusive of guilt ought not to be suppressed simply because of a technical violation of the form of the law rather than the substance thereof. Such evidence is not in the same class as would be a confession obtained under duress, for there a man might tell a falsehood in order to avoid further punishment, but in the case where narcotics are found upon a person, there is no likelihood that an innocent man will be convicted by the reception of that evidence. If such evidence be seized by way of a trespass, the defendant can have his day in court and his right to be free from unlawful search adjudicated in the civil courts by a suit against the trespasser. However, to punish the public by allowing a guilty defendant to go scot-free simply because of a

technical violation of the law is a concept which should appeal only to criminally-oriented minds. There could have been no question in the minds of the majority of this court but what the trial court correctly refused to suppress this evidence were it not for the case of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, decided in 1961. There a guilty defendant was freed by a decision of the Supreme Court of the United States on the ground that evidence was obtained without a search warrant in violation of her *constitutional* rights. In the instant case all constitutional safeguards were complied with, and even the United States Supreme Court would not reverse it. However, the majority of this court seems to be running scared, and instead of recognizing that the Mapp case was erroneously decided, they extend the concept to an unnecessary length in order to free a guilty dope peddler from a deserved conviction. Of course, we all recognize that the Mapp case, even though wrong in principle, is binding upon state courts. Still we should not go further than to say that evidence obtained in violation of a defendant's *constitutional* rights should be suppressed, for that is all the Mapp case said. The *constitutional* right is only to have a warrant issued "upon probable cause supported by oath or affirmation, particularly describing the place to be searched, and the * * * things to be seized." In this case that was done!

The main opinion cites no cases and I know of none which holds that a search warrant issued upon oath but not reduced to writing is *unconstitutional*. The law is to the contrary as is shown by the following recent cases:

State v. Malbeck, 69 Wash.2d 695, 419 P.2d 805, at p. 807 (1966):

A signed affidavit for a search warrant is not required. The fourth amendment to the United States Constitution requires only that warrants issue upon probable cause supported by oath or affirmation. RCW 10.79.010 requires only that the application for a search warrant be under oath and that the justice find reasonable cause for the officer's belief. State v. Walcott, 435 P.2d 994, at p. 999 (Wash.1967):

The defendant contends, however, that the Fourth Amendment to the United States Constitution requires that the complaint or affidavits must show probable cause on their face before a search warrant may issue. The defendant concedes that the law of this state requires only an oath or affirmation to support a finding of probable cause. State v. Malbeck, 69 Wash.2d 695, 419 P.2d 805 (1966). He argues, however, that this state should follow the federal rule which requires that sworn statements in support of an application for a search warrant be reduced to writing.

Although the federal practice, which results in making and preserving a contemporaneous record of the proceedings before the magistrate, may be preferable; however, it is not a constitutional requirement under the Fourth Amendment. We adhere to our ruling in *Malbeck* and the cases cited therein.

Scott v. State, 1 Md.App. 481, 231 A.2d 728 (1967) involved the question of whether search warrants issued by the magistrate upon affidavits not sworn to before the notary public were valid. The court said at page 731 of the Atlantic Reporter:

The record affirmatively shows that in both instances the applicant was sworn by the judge who issued the warrant. This is sufficient, whatever the notary may have done. Tucker v. State, 244 Md. 488, 497, 224 A.2d 111.

The federal rule is set forth in United States ex rel. Boyance v. Myers, 270 F. Supp. 734, 737–738 (E.D.Pa., 1967), as follows:

The Information does not, on its face, contain sufficient factual information to support a finding by the judicial officer that there was probable cause for the issuance of the warrant. Conclusory allegations such as those contained in Sgt. Michaels' Information are insufficient [citations omitted], but the fact that the information itself is not sufficiently detailed to support a finding of probable cause under Fourth Amendment standards does not terminate the inquiry into the validity of the warrant. The required factual support may be furnished by other means. The Fourth Amendment requires only that probable cause be "supported by Oath or Affirmation," it does not require that the support be in writing. Oral testimony as well as affidavit in writing, may serve as the basis for the issuance of a warrant under constitutional standards. * * *

It is thus obvious that no *constitutional* rights of the defendant have been abridged.

As to the statutory provision requiring the deposition to be in writing and subscribed by the deponent, I think it is not mandatory that the subscription be affixed before the warrant may issue. A failure to sign before the issuance of the warrant is but a technicality and may be corrected by signing the affidavit thereafter without in any way prejudicing the constitutional rights of the defendant, when the written deposition actually sets out the substance of the oral testimony given to the magistrate. This view is supported by the text material in 47 Am.Jur., Search and Seizure § 26, which states:

A search warrant is usually required to be issued upon a written affidavit, although the better, but not the unanimous, view seems to be that the absence of a supporting affidavit or complaint does not render the warrant void. * * *

Under the circumstances of this case I do not think a criminal in possession of a narcotic drug can complain of a loss of his *constitutional* right in order to escape the penalty of the law merely because there was a delay in reducing the oral testimony to writing. Not only was there probable cause to induce the magistrate to believe that there was marijuana in the residence of the defendant, there actually was a great quantity in that residence.

It is high time that courts stop being so overzealous of the rights of criminals and begin to be cognizant of the rights of the long-suffering, decent citizenry of this country.

The judgment should be affirmed.

CROCKETT, Chief Justice (dissenting).

I am in accord with what Justice Ellett says and with his conclusion about substantial compliance with the statute in obtaining the search warrant. However, in my view, the far more important consideration in this case is that the denial of the motion to suppress the vital evidence is justified on the broader foundation that it was lawfully obtained even if there had been no search warrant. The fact that effort was also made to obtain a warrant, even if there were some defect in the procedure, should not be deemed to impair the validity of the evidence otherwise lawfully obtained.

The basic issue in this case is as stated by the defendant himself in his brief:

Defendant seeks reversal of the order denying defendant's motion to suppress [evidence] and reversal of the conviction.

If the evidence was lawfully obtained, the refusal to suppress it cannot properly be reversed. This remains true regardless of any illusory arguments which may seem to divert attention from or becloud that issue.

The possession of narcotic drugs (marijuana) is a continuing felony. Because it can be quickly and easily hidden or disposed of, there is special justification for considering that peremptory action is not an "unreasonable" search.[1] The law is that when a police officer has good reason to believe a felony is being committed, he has not only the right but the duty to enter where it is being committed to interrupt its continuance, arrest the perpetrator and take possession of any material evidence bearing on the crime, just as was done here. It is clear that Officer Adair in fact had good reason to believe that a felony was being committed. Upon the basis of the information he had, he said so under oath. His additional effort to obtain a search war-

---

1. As to right of police to enter and seize narcotics which can be quickly destroyed see Ker v. State of California, 374 U.S. 23, 83 S.Ct. 123, 10 L.Ed.2d 726 (1963); Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1959); State v. Smith, 37 N.J. 481, 181 A.2d 761 (1962), cert. denied 374 U.S. 835, 83 S.Ct. 1879, 10 L.Ed.2d 1055 (1963).

rant, when none was necessary,[2] did not destroy his right to enter.

Applicable in principle to the instant case is the recently decided Cooper v. State of California,[3] where the Supreme Court of the United States in affirming a conviction based on evidence obtained in searching a car without a warrant said:

> We made it clear in Preston [citation given therein] that whether a search and seizure is unreasonable within the meaning of the Fourth amendment depends upon the facts and circumstances of each case. * * *

In that same case, in answer to the claim that the police could have obtained a warrant, the court further observed:

> * * * It is no answer to say that the police could have obtained a search warrant, for "the relevant test is not whether it is reasonable to procure a search warrant, but whether the search was unreasonable."

Assuring one accused of crime of the protections of the law, and the assurance of citizens of protection against unreasonable search or unwarranted invasion of privacy are salutary objectives with which no one will disagree. But to extend them beyond reason in particular circumstances is but to create impedimenta to proper law enforcement. If a police officer, conscientiously performing his duty, who has good reason to believe a felony is being committed, cannot enter to interrupt and deal with it without cumbersome preliminary formality, his effectiveness, and perhaps even his desire to do so, will be seriously curtailed. To this evil are added not only the dangers in loss of protection to the public, but also in some instances to the occupants of the place itself, who may be victims of serious crime.

Under the circumstances here disclosed I do not believe it is shown that the search was "unreasonable." On the basis of what I have said above, I think the motion to suppress the evidence was properly denied, irrespective of any irregularity that may have existed in connection with the issuance of the search warrant. I would affirm the conviction.

---

2. As to the probable cause necessary to justify arrest and search in connection therewith, see McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed. 2d 62 (1967); see also Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 434, 94 L.Ed. 653 (1950); Ker v. State of California, supra footnote 1.

3. 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).