STATE OF CONNECTICUT *v.* JULIAN RIDDICK

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 6-60967

Argued October 6—decided November 7, 1969

*Thomas J. Corradino,* of New Haven, for the appellant (defendant).

*Joseph B. Clark,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant, having been found guilty of violating § 53-298 of the General Statutes in a trial to the jury, has appealed. In his appeal he has claimed error in the admission of certain evidence and further in the denial of his motion to set aside the verdict on the ground that the state has failed to prove its case beyond a reasonable doubt.

The question relating to the admission of certain evidence is first considered. As a result of certain information received by the New Haven police department indicating that the defendant was engaged in taking bets in connection with lottery activities—policy playing—he was arrested. During the morning of October 29, 1968, the day in question, three detectives proceeded to the area in which

the defendant's place of business was located, a small grocery and sandwich shop. Two of the detectives secreted themselves at a vantage point in the rear of the store while the other positioned himself where he could observe the front of the store. The latter detective observed the defendant leave the store on two occasions, proceed down an alley adjacent to the store and leading to the rear of the building, and thereafter return to the store. This detective was in radio contact with the two detectives in the rear of the store, and they kept each other informed of the defendant's movements. The detective in the front of the store also observed people going in and out of the store, some of whom he recognized as gamblers. On the two occasions when the defendant entered the alleyway, he was observed by the detectives in the rear of the store taking rolls of paper out of his pocket and placing the rolls in the rafters of a hatchway leading to the basement under the store. Shortly thereafter the detectives entered the store and arrested the defendant, and at the same time they went to the hatchway and seized the rolls of paper. The papers were offered and received in evidence and purported to be tally records of numerous bets and wagers, indicating in all a total amount bet in excess of $200.

The defendant objected to the introduction of the evidence on the ground that there was an unreasonable search and seizure. In support of his claim he cites such cases as *Chimel* v. *California*, 395 U.S. 752; *James* v. *Louisiana*, 382 U.S. 36; and *Preston* v. *United States*, 376 U.S. 364. He contends that a search cannot be regarded as incident to a lawful arrest where it is remote from it in place. See *State* v. *Miller*, 152 Conn. 343, 347. Obviously, the evidence was an essential element of the state's case. While better practice might have led the defendant to move for the return of the property or to

suppress it for use as evidence, as provided in General Statutes § 54-33f, thus testing the legality of the seizure in a preliminary hearing, the court, as here, could in its discretion entertain the motion at the trial.

At the outset it should be noted that the defendant does not question that the seizure was other than contemporaneous with the arrest, nor is the validity of the arrest in issue. In the instant case, the officers observed the defendant in plain view place the rolls of paper in the rafters of the hatchway. The officers did not engage in any exploratory search seeking to uncover or find papers which had been hidden by the defendant or concealed from their view. See *State* v. *Jackson,* 4 Conn. Cir. Ct. 125, 127. "The term 'search' necessarily implies the prying into or uncovering of that which one has a right to, and intends to, and effectively does conceal from the view or scrunity of another." *Poore* v. *Ohio,* 243 F. Sup. 777, 782. The fourth amendment prohibits "unreasonable searches and seizures." To constitute an unreasonable search and seizure, there must first be a search. *State* v. *Turner,* 101 Ariz. 85. "It is axiomatic that observation of that which is openly visible does not constitute a 'search.'" *Poore* v. *Ohio,* supra, 784. "It is not a search for an officer to observe (once lawfully near or on and within premises) that which is clearly and plainly to be seen, if he uses searchlights or field glasses." *Chapman* v. *United States,* 346 F.2d 383, 387; 47 Am. Jur., Searches and Seizures, § 20. "Police officers are not required to go about their routine duties with their eyes shut." *Fagundes* v. *United States,* 340 F.2d 673, 676. Particularly is this so when the officers are engaged solely in observing the activities of a suspected criminal whose record appears to indicate four prior gaming arrests commencing in 1963. In *Bryant* v. *United States,* 252 F.2d 746, the defendant

was observed by officers caching a package in the weeds. The package was later seized and determined to contain narcotics. The court stated (p.748) that the defendant had no cause to complain of the use of the package as evidence "since it was taken neither from his person nor from his dwelling and no search was involved in its seizure." In the following cases involving a seizure there was held to be no search within the meaning of the constitution: *United States* v. *Lee,* 274 U.S. 559 (seizure of contraband liquor observed on deck of a boat by aid of searchlight); *State* v. *Everidge,* 77 N.M. 505 (marihuana dropped by defendant from a hotel window in view of officers); *State* v. *Allred,* 16 Utah 2d 41 (stolen merchandise which was in plain view in carry-out cart); *People* v. *Hurst,* 183 Cal. App. 2d 379 (see note, 89 A.L.R.2d 715, 749) (paper bag observed under a house which was found to contain marihuana and heroin); *Wilson* v. *Commonwealth,* 258 S.W.2d 497, 499 (Ky.) (bottle of whiskey observed by officers protruding from beneath a pillow); *State* v. *Turner,* 101 Ariz. 85 (bullet taken from body of defendant and given to officer by doctor). The defendant has shown no violation of any constitutional right. The cases cited by the defendant involved both a search and a seizure.

In determining whether the court abused its discretion in denying the defendant's motion to set aside the verdict, we examine the ruling of the court on the basis of the evidence appearing in the certified transcript. Practice Book § 960; *Hook* v. *Dubuque,* 153 Conn. 113, 114; *State* v. *Devine,* 149 Conn. 640, 654. In so doing, "we decide only whether the evidence was sufficient to justify a finding by the jury that the defendants were guilty beyond a reasonable doubt. As we have often said, proof of guilt beyond a reasonable doubt excludes every reasonable supposition of innocence." *State* v.

*McGinnis,* 158 Conn. 124, 129. As we have, in respect to the ruling on evidence heretofore considered, examined the evidence, it requires no repetition. The defendant and his wife both denied that he had been engaged in gambling activities, and he further denied that he had gone to the hatchway and placed the rolls of paper under the rafters. Such alleged conduct, as related by the officers, was the gravamen of the crime. The verdict indicates that the jury believed the testimony of the officers and not that of the defendant. The trial court committed no error in denying the defendant's motion to set aside the verdict.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.