463 P.2d 562

The STATE of Utah, Plaintiff and Respondent,

v.

Robert Joseph SMELSER, Defendant and Appellant.

No. 11766.

Supreme Court of Utah.

Jan. 6, 1970.

K. Samuel King, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beesley, David S. Young, R. Bruce By-

2. Title 35-1-83, U.C.A.1953.

bee, Asst. Attys. Gen., Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment and verdict of guilt in a grand larceny case. Affirmed.

On 27 January, 1969, a pharmacy in Provo, Utah, was burglarized. On 19 February, 1969, a Salt Lake County deputy sheriff obtained a search warrant from a District Judge, after presenting an affidavit listing property taken in the burglary. The warrant was directed to defendant's home, was served on him there, where a search was made resulting in discovery and seizure of property taken from the pharmacy. Among other things the affidavit, to show probable cause,[1] said that the deputy had reason to believe the property (an inventory of which was referred to and attached to the affidavit) was stolen, showing or tending to show that a felony had been committed. It further stated he had been a deputy sheriff for 19 years and received information in that capacity from one Reynolds, of the Dept. of Business Regulation, who made a buy of property through the latter's informant, which property was identified as having been taken in the burglary, and being then in the possession of the defendant. One Max Weenig,

an inmate of the County Jail where defendant was placed after arrest, said defendant told him he burglarized the pharmacy, stating details thereof. Weenig testified without any promise or threat of anyone of reward or recrimination. Defendant did not testify and called no witnesses.

Defendant urges on appeal that: 1) the deputy's affidavit was inadequate to show probable cause, and therefore 2) the evidence revealed by the search should have been suppressed; that 3) it was error to refuse cross-examination of Weenig to test his motives; 4) that the court's instruction #7 was a prejudicial comment on the evidence.

■ As to 1) and 2): It is conceded that if the affidavit was inadequate in stating probable cause, the evidence, generally speaking, should be suppressed,[2] and must state facts, although such facts may be stated on information and belief. We believe that facts stated in the affidavit satisfy the Lindbeck case,[3] cited by defendant, which had to do with an affidavit on information and belief, without any substantial facts having been averred. We believe the colloquy developed on cross-examination is the basis for a rather

1. Title 77-54-3, Utah Code Annotated: "A search warrant shall not issue except upon *probable cause* supported by oath or affirmation, particularly describing the place to be searched and the person or thing to be seized."

2. State v. Jasso, 21 Utah 2d 24, 439 P.2d 844 (1968) ; Jones v. U. S., 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

3. Allen v. Lindbeck, 97 Utah 471, 93 P.2d 920 (1939).

hypertechnical interpretation of the wording of the affidavit and does not destroy its content or efficacy.[4]

■ As to 3): It would appear that the refusal of the trial court to permit defendant's counsel to pursue a line of questioning on cross-examination that might raise an implication Mr. Weenig was testifying as a state's witness in order to gain official favor in shortening a year's sentence, which at time of trial had about seven months to run, or less, with any credit for good time, under the circumstances of this case, was not without merit, based on a statement by the court that the testimony was argumentative.[5] Weenig's testimony was but substantially corroborative of the deputy's affidavit, the burglary, items he said Smelser told him about in jail, and possession thereof by the latter. His answering the questions asked, could have been nothing more than a repetition of what he said on direct, or some kind of

radical departure from it. In the latter event, he may have proven himself to be a liar, in which event he could have been said to have changed his motive from one designed for dejailing himself to one designed to hurt himself and dejail Smelser. Even if cutting short the cross-examination, for the sake of argument was not argumentative, it might have been error prejudicial to Weenig, but not to Smelser.

■ As to 4): The basis for this point on appeal, according to Smelser, is that "It is error to instruct the jury on the question of what constitutes a prima facie case," citing State v. Crowder, 114 Utah 202, 197 P.2d 917 (1948). In the instant case, the statute itself (Title 76–38–1, Utah Code Annotated 1953,[6] having to do with recently stolen property says such circumstance gives rise to "prima facie *evidence* of guilt" unless satisfactorily explained. Certainly the statute is available to the jury.

---

4. Jones v. U. S., 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). See also U. S. v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), where the following affidavit was held sufficient: "Based upon observations made by me, and based upon information received officially from other Investigators attached to the Alcohol and Tobacco Division assigned to this investigation, and reports orally made to me describing the results of their observations and investigations, this request for the issuance of a search warrant is made."
5. Respondent admits in its brief that "cross-examination of a witness is a matter of right, Alford v. United States, 282

U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); that * * * it * * * may be designed to expose the motives of the witness for testifying as he did on direct examination (U.C.A. sec. 78–24–1, 1953); and that such exposure properly goes to the credibility of * * * [his] * * * direct testimony."
6. "76–38–1. Definition.—Larceny is the felonious stealing, taking, carrying, leading or driving away the personal property of another. Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt."

Instruction No. 7,[7] does little or nothing except to paraphrase the statute.

It is significant that counsel for Smelser phrased his contention on the assumption that the court instructed the jury as to what constituted a prima facie *case*. We find nothing to support such a contention. The statute has to do with "prima facie *evidence* of guilt,"—not that a prima facie *case* is shown. The instruction goes no farther than that.[8]

We conclude that, viewing the whole record in this case and the lexicography thereof, the instruction was not erroneous, and we refer the reader to footnotes 6 and 7, for analysis and conclusion on this point. (Emphasis supplied.)

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur.

---

7. Instruction No. 7. "The mere possession of stolen property, howsoever soon after the taking, unexplained by the person having possession is not sufficient to justify conviction. It is, however, a circumstance to be considered in connection with other evidence in determining the question of innocence or guilt. If you should find from the evidence that the property involved in this case was stolen, and that thereafter the defendant was found in possession or claimed to be the owner of the stolen property, such a fact would be a circumstance tending in some degree to show guilt, although not sufficient, standing alone and unsupported by other evidence, to warrant finding him guilty. In addition to proof of possession of such property there must be proof of corroborating circumstances tending, of themselves, to establish guilt. Such

corroborating circumstances may consist of the acts, conduct, falsehood, if any, or other declaration, if any, of the defendant or any other proved circumstance tending to show the guilt of the accused.

One who is found in the possession of stolen property is bound to explain such possession in order to remove the effect of that fact as a circumstance, to be considered with all other evidence, pointing to his guilt, and if he gives a false account of how he acquired that possession or, having reasonable opportunity to show that his possession was honestly acquired, he refuses or fails to do so, such conduct is a circumstance that tends to show his guilt."

8. See State v. Potello, 40 Utah 56, 119 P. 1023 (1911), State v. Wood, 2 Utah 2d 34, 268 P.2d 998 (1954), State v. Little, 5 Utah 2d 42, 296 P.2d 289 (1956).