STATE of Utah, Plaintiff and Respondent,

v.

John Robert RISK, Defendant and Appellant.

No. 13430.

Supreme Court of Utah.

March 14, 1974.

Lyle W. Hillyard, Logan, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The appellant seeks a reversal of his conviction of automobile homicide, a felony, upon two assignments of reversible error, viz.:

1. That the trial court erred in refusing to instruct the jury as to the lesser included offense of negligent homicide.

2. That the trial court erred in instructing the jury as to the 0.08 alcohol-blood presumption of Utah Code Annotated, Sec. 41–6–44, in that said presumption applies only to the offense of driving under the influence of intoxicating liquor and not to the charged offense of automobile homicide.

There is no merit to the first assignment, since the elements of negligent homicide differ from those required in automobile homicide.

The statute relating to automobile homicide at the time of this offense is to be found in Laws of Utah 1957, Chapter 165, and reads as follows:

Any person, while under the influence of intoxicating liquor or narcotic drugs,

6. See United States v. Wood, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78 (1936).

or who is under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle, who causes the death of another by operating or driving any automobile, motorcycle or other vehicle in a reckless, *negligent or careless manner,* or with a wanton or reckless disregard of human life or safety, shall be deemed guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for a period of not less than one year nor more than ten years. A death under this section, is one which occurs as a proximate result of the accident within a year and a day, after the day of the accident. [Emphasis added.]

It thus appears that the offense of automobile homicide may be made out by simple negligence in a person's driving while under the influence of intoxicating liquor if as a result thereof he causes the death of another person.

■ Negligent homicide requires more than carelessness or simple negligence. *Automobile* homicide does not require that degree of negligence which this court held to be requisite to constitute *negligent* homicide as stated in the case of State v. Lingman,[1] to wit:

. . . We think the "unlawful act", that is, the infraction, must be done in such a manner as to more than constitute a mere thoughtless omission or slight deviation from the norm of prudent conduct. It must be reckless or in marked disregard for the safety of others.

. . .

■ The second assignment presents a problem which was before this court in the case of State v. Romero.[2] However, this court did not feel that it was necessary to decide the matter in that case. Now we must decide if the presumption provision of that part of the Code relating to drunk driving also applies to a case of automobile homicide.

The instruction in question was given because of Sec. 41–6–44, U.C.A.1953, which provides so far as material as follows:

It is unlawful and punishable as provided in subsection (d) of this section for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

\* \* \* \* \* \*

If there was at the time 0.08 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor;

\* \* \* \* \* \*

The provisions of the statute making drunk driving a misdemeanor are listed under the Motor Vehicle Code, while those making automobile homicide a felony are listed in the Criminal Code. If the legislators had intended to have a presumption in the felony crime, they should have said so. By failing to refer to the presumption, it would seem that they intended for the prosecution in automobile homicide cases to prove to the satisfaction of the jurors and beyond a reasonable doubt that a defendant was under the influence of intoxicating liquor and this proof to be made without any reference to the statutory presumption set out in the Motor Vehicle Code. This idea is buttressed by the other provision of the law on automobile homicide which relates to being under the influence of drugs where no presumption is involved. See annotation and cases cited in 16 A.L.R.3d at page 756.

We hold that the giving of the instruction regarding the presumption was error and may have prejudiced the jury in rendering a verdict of guilty.

The judgment is reversed and a new trial ordered.

1. 97 Utah 180, 198, 91 P.2d 457 (1939).

2. 12 Utah 2d 210, 364 P.2d 828 (1961).

CALLISTER, C. J., and HENRIOD and TUCKETT, JJ., concur.

CROCKETT, Justice (dissenting) :

I do not believe that it was prejudicial error to instruct the jury as to the provision of Sec. 41–6–44 concerning the presumption, so long as they were given to understand that this was simply a statement of the provision of that statute, but that it was nevertheless their prerogative and responsibility to determine whether they believed that on the whole evidence the State had met its burden of proving every element of the offense beyond a reasonable doubt.[1]

I do not think it is of controlling importance that the section referred to is in the motor vehicle code rather than the criminal code. It would be quite impractical to expect that all of the law should be stated in any one section of the statutes. But each statute is nevertheless part of the total law of the State; and the law should be looked at and applied in its totality.

---

1. As to instruction on presumptions cf. State v. Potello, 40 Utah 56, 199 P. 1023; State v. Allred, 16 Utah 2d 41, 395 P.2d 535; and

State v. Smelser, 23 Utah 2d 347, 463 P.2d 562.